IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Marie Brooks, | ) | C/A No 3:12-3569-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Richland County School District One, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On December 18, 2012, this employment matter was removed from Richland County Court of Common Pleas. On February 22, 2013, this court granted a consent motion for the plaintiff's counsel to withdraw and extended the deadlines in this matter to provide additional time for the plaintiff to seek to retain new counsel. (ECF Nos. 10 & 11.) The court had previously issued a notice of hearing which set a status conference in this matter for March 19, 2013 at 10:00 a.m. (ECF No. 9.) At the court's direction, the hearing notice and orders were mailed to the plaintiff via U.S. mail at the address provided by her former counsel. (ECF No. 13.) These items have not been returned to the court as undeliverable.

To date, new counsel has not made an appearance for the plaintiff, and therefore, the court's records reflect that the plaintiff is self-represented. Notwithstanding the notice of hearing, the plaintiff failed to appear at the March 19, 2013 hearing and has not contacted the clerk of court. It thus appears that the plaintiff wishes to abandon this action.

As the plaintiff is proceeding *pro se*, the court filed an order on March 19, 2013, giving the plaintiff an additional fourteen (14) days in which to provide a written statement showing cause for

failure to appear at the March 19, 2013 court hearing. (ECF No. 23.) The plaintiff was specifically warned that if she failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute and failure to comply with a court order. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b). Despite this warning, the plaintiff still did not respond. Therefore, the plaintiff meets all of the criteria for dismissal under Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982).[1]

## RECOMMENDATION

Accordingly, it is recommended that this action be dismissed without prejudice for lack of prosecution and failure to comply with a court order. See Davis, 588 F.2d at 70; Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (stating that magistrate judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the district court to dismiss the suit when the plaintiff did not comply despite the warning), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990); Fed. R. Civ. P. 41(b).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 8, 2013
Columbia, South Carolina

*The parties are referred to the Notice Page attached hereto.*

---

[1] She is personally responsible for proceeding in a dilatory fashion, the defendant is suffering prejudice by continuing to incur legal expenses, and no sanctions appear to exist other than dismissal given the previous warnings and extensions provided. Chandler Leasing Corp., 669 F.2d at 920.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>   Larry W. Propes, Clerk
>   United States District Court
>   901 Richland Street
>   Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).